(6 App. Div. 90.)

## LYDECKER v. VILLAGE OF NYACK.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    The fact that a case on appeal contains no certificate that all the evidence appears in the case will not preclude the court from examining the facts to see if there is any evidence to sustain the verdict.

2. ASSUMPSIT—QUANTUM MERUIT.
    Where plaintiff claimed that he had a contract with defendant village to collect garbage and ashes, and that he did collect some ashes and garbage under the contract, but fails to prove any contract, an instruction that he is entitled to recover on a quantum meruit is error.

3. MUNICIPAL CORPORATIONS—LIABILITIES—VOLUNTARY SERVICES.
    A village is not liable to a person who voluntarily renders services because the board of trustees failed to prevent him from rendering such services.

Appeal from circuit court, Rockland county.

Action by Smith Lydecker against the village of Nyack to recover for the removal of ashes and garbage in the village of Nyack from June 1, 1892, to March 1, 1893. From a judgment entered on a verdict in favor of plaintiff for $494.62 and costs, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Arthur S. Tompkins, for appellant.
Irving Brown, for respondent.

PRATT, J. This is an appeal from a judgment in favor of the plaintiff, entered upon a verdict by a jury, and from an order denying a motion for a new trial.

The case contains no certificate that all the evidence is contained in the case, and plaintiff insists that the court is precluded from examining the facts, on the ground that, under the rule, the court must assume there was sufficient evidence to sustain the verdict. The rule has no such effect. There must be some evidence to support the verdict. Otherwise it raises a question of law, which the court must decide. Where a case contains a fact admitted by both parties, or where the evidence is all one way on a certain question of fact, the court is bound to regard it, and is not at liberty to assume there was evidence to the contrary.

The complaint contained two causes of action, the first of which was withdrawn at the trial, and will not be noticed. The second cause of action alleged that the defendant, on or about May, 1892, entered into a contract by which it agreed to employ the plaintiff to remove ashes and garbage at an agreed price of $45 per month. There was not only an utter failure on the part of the plaintiff to prove that there was any such contract, but it was conclusively proved that the defendant refused to enter into a contract with the plaintiff, and, in fact, that the contract for removing ashes and garbage was awarded to another man, who performed the work and received the pay therefor. The defendant's motion, therefore, ought to have been granted, for failure of plaintiff to prove his case.

It appeared in evidence that plaintiff collected some ashes and garbage under a claim that he was entitled to do so in fulfillment of a contract with the village, and the judge instructed the jury as follows: "The municipal authorities are liable under a quantum meruit,"—to which counsel for defendant excepted. This was not a case where a recovery could be had on a quantum meruit, and that ruling was therefore error. A recovery can be had in a suit on an agreement like this where it appears that a plaintiff has done his duty, but has been prevented by defendant from carrying out his contract, or been unable to carry it out by any cause for which he is not in fault, and the other party has received the benefit of his work; but, otherwise, he must show a fulfillment of his contract to entitle him to recover. This suit

was upon a contract, but plaintiff not only failed to prove any contract, but failed to show any performance, or excuse for non-performance.

The defendant's counsel also requested the court to charge "that the fact that the board of trustees failed to stop Lydecker, or prevent him from removing garbage, does not make the village liable, and is not to be considered by the jury," which was refused. The village could not well•prevent any man from going about and collecting garbage, and a statement that, if they did not prevent, the village was bound to pay for such volunteer labor, was erroneous.

There are other exceptions, but those already noticed require a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur in the result.